IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

F I L E D
MAY 14 2014
CIRCUIT COURT CLERK
BY_____D.C.

CHRISTINE GREENWOOD,
                Plaintiff,

vs.

CITY OF MEMPHIS, TONEY ARMSTRONG,
Individually and in his official capacity as
Police Director of City of Memphis Police
Department, LIEUTENANT MARTHA GWEN,
Individually and in her official capacity as
Lieutenant of City of Memphis Police Department,
JAMES ROGERS, Individually and in his official
capacity as Director of City of Memphis
Animal Services, GLENN ANDREWS,
Individually and in his official capacity as
Field representative of City of Memphis
Animal Services, S. JORDAN, Individually and
in her official capacity as animal control officer
of City of Memphis Animal Services,
                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: CT-0002166-4
DIVISION: II

R E C E I V E D
05-27-14A09:11 RCVD
MAY 27 2014
CITY ATTORNEY'S OFFICE

**COMPLAINT**

Plaintiff Christine Greenwood, "Greenwood", pro se, bring this Complaint

pursuant to violations of Governmental Tort Liability Act, the Common Law of

Tennessee, City of Memphis Ordinance Statutes, State of Tennessee Dog Leash

Laws, Public and Private Nuisance laws, violation and deprivation of United States

Constitutional Rights, Human Rights Act and Civil Rights Act; Discrimination Act,



negligent deprivation and violation of right to enjoyment of life and liberty; negligence deprivation and violation of right to enjoy property peacefully and quietly without dangerous interference; negligent deprivation and violation to private and public life without being in fear for life and safety, and fear for life and safety of family members; negligent deprivation and violation in failing to provide equal protection to all citizens; Greenwood, her two children, and two granddaughters; negligent deprivation and violation of human rights; negligent deprivation and violation of due process rights, intentional discrimination, and all other applicable laws and protected rights deprived and violated.

This Court also has concurrent jurisdiction for any action arising out of 42 U.S.C. 1983, and this action is brought pursuant to U.S.C. 1983 and 1988 and the Fourth, Fifth, Ninth and Fourteenth Amendment of the United States Constitution and all other applicable amendments.

Plaintiff sues defendants and shows the Court as follows:

1.  Christine Greenwood, "Greenwood", Plaintiff, pro se, a homeowner and resident, and citizen of Memphis, TN who lives alone at 3869 Christine Gardens West, in close proximity to Defendant Bryan Sykes who lives at 3877 Christine Gardens West and who has placed Greenwood and her family in a zone of imminent grave bodily harm, injury, and death proximately caused by City of Memphis condoning, ratifying, encouraging, permitting Sykes to used electric invisible fencing on or about December of 2013 to present date of filing

2.

Greenwood's Complaint.

2.      By way of alternative pleading to the allegations of civil rights violations mentioned above, Defendant City of Memphis is being sued pursuant to T.C.A. 29-20-101, 29-20-103, 29-20-205, for acts of intentional negligence, including, but not limited to, employees, agents, officers, lieutenants, and directors total lack of knowledge of electronic invisible fencing rules and regulations and/or installation requirements and/or other requirements and procedures, creating negligent indifference of employees, agents, officers, lieutenants, and directors, to appropriately enforce City of Memphis Ordinances and State of Tennessee Dog laws.

A.  Negligent in that not one employee, agent, officer, lieutenant, and/or director has yet to enforce the requirement of documented proof of appropriate installation and appropriately verified documented records of upkeep of Defendant Sykes' electric invisible fencing.

B.  Negligent in that not one employee, agent, officer, lieutenant, or director required proof of appropriate documents of completed training requirements having been satisfied by the dog's owner, dog, and dog handler(s) creating negligent indifferences of employees, agents, officers, lieutenants, and/or directors to unlawfully and unconstitutionally and inappropriately enforce and/or permit, condone, and encourage the use of electric invisible fencing

C.  Negligent in not one employee, agent, officer, lieutenant, and/or

3.

director producing verified documented records of appropriate training, appropriate installation of electric invisible fencing, etc., to Greenwood, while in the meantime creating negligent indifferences directly towards Greenwood by Sykes, City of Memphis, its employees, agents, officers, lieutenants, and directors.

3.     Greenwood states Defendant City of Memphis is adequately negligent and liable and created negligent indifference by employees lack of knowledge and/or lack of adequate training to know of and/or to require proof when relying on and placing Greenwood's safety and family's safety at unreasonable risks while permitting and condoning Sykes' use of electric invisible fencing.  Greenwood demanded proven safety for herself and her family.

4.     City of Memphis owed and still owes a duty of reasonably care to Greenwood and her family, not requiring Greenwood and her family to take unreasonably dangerous risks with their lives and safety, or to compromise safety and/or surrender their rights to appease others who abuse authority while in conscious minds and in a malicious, willful, and wanton manner in an effort to brainwash with misinformation, deceit, and yet offer no reasonable safe remedy to Greenwood and her family all the while continuing to deliberately and intentionally deprive and infringe upon Greenwood and her family's clearly-established and protected rights of life, liberty, property without dangerous interference, quiet peace, equal respect and equal protection, privacy and

4.

enjoyment, absolute right to all privileges and immunities and laws of the land, guaranteed to Greenwood and her family by the Amendments of the United States Constitution.

5.     Defendant City of Memphis therefore having breached that duty based on a posting in Sykes' front yard, and City of Memphis' policies, procedures, and practices, while forcing Greenwood and her family to continue living in a direct zone of imminent danger to be inflicted with harm, injury, and death by Defendant Sykes' off leash and unfenced and unenclosed German Sheppard large dog at large in Defendant Sykes' front, back, and side yard while in close proximity and given permission, condoned, ratified, and encouraged  by all defendants named in this Complaint; therefore, all are liable and negligent of violating and depriving Greenwood and her family's civil rights, protected rights guaranteed by the United States Constitution.

6.     Greenwood states as the direct proximate cause of intentional negligence, creating deliberate intentional indifference in the deprivation of Greenwood and her family's Constitutional Rights, negligence in failing to properly and fairly and timely enforce city ordinances and state laws, and breach of duty owed to Greenwood and her family for their safety, is the direct proximate result of Greenwood and her family's extreme and continued severe emotional distress, extreme mental anguish, extreme uncontrollable fear, severe panic attacks, extreme disappointment, extreme anger, nightmares of future attacks on

5.

Greenwood and her family, worry, deprivation of joy of life, deprivation of

enjoyment of land, loss opportunity for employment, incurred medical bills.

7.      Greenwood states City of Memphis has a duty to guarantee its employees

complete knowledge of proper policies and procedures regarding electronic

invisible fencing, all other aspects of their jobs, duties and responsibilities, and be

justified before attempting to implement such policies, and due to an inadequate

and lack of training and/or knowledge of electronic invisible fencing versus the

U.S. Constitutional Rights of human citizens, as reflected in negligent hiring,

negligent training, negligent supervision of employees, and failing to take

necessary appropriate corrective precautions and/or actions  to remedy and/or

prevent further injuries violations and deprivations of rights already suffered by

plaintiff, Greenwood, and Greenwood's family.

8.      The Defendant City of Memphis, a governmental entity, a municipality

organized under the State of Tennessee and operating a police department

known as the Memphis Police Department and an animal control department

known as the Memphis Animal Services, has no immunity for the acts and

omissions from suit for injury of proximate and direct cause by the negligent act

or acts  or negligent inactions and omissions of any employee within the

scope of his employment, complained of herein.  Immunity from suit has been

removed by the Tennessee Governmental Tort Liability Act including but not

limited to, T.C.A. 29-20-101 and 29-20-205.  The City of Memphis has waived

6.

immunity.

This Court has venue is proper in this Court pursuant to inter alia, T.C.A. 20-4-101, because all of this cause of action arose within Shelby County, Tennessee.

9.     Defendant James Rogers is, upon information and belief, an adult resident citizen of Memphis, Tennessee.  At all times pertinent hereto, Defendant Rogers was an employee and/or agent of City of Memphis Animal Services acting under the color of state law and within the course and scope of his employment with MAS.  Plaintiff brings this action against Defendant in his individual capacity and in official capacity as director and employee and/or agent of MAS.

10.     Defendant Rogers negligently failed to properly train, instruct, and/or supervise employees in order to insure the safety of Greenwood and her family, and in not doing so, has violated Greenwood's civil rights and human rights as a citizen and resident of the city of Memphis.  Defendant Rogers has failed to offer reasonable and appropriate corrective action to Defendant Andrews and/or Defendant Jordan and/or Greenwood to remedy Plaintiff's complaint of being in danger and in fear for her life caused by two previous attacks by Bryan Sykes' large German Sheppard dog, being permitted to run at large while in close proximity to Greenwood and her family ongoing since April of 2013 to December 2013.  Defendant Sykes' given permission, all rights, approval, and encouraged by City of Memphis employees, continued use of electronic invisible fencing since December 21, 2013 to the present.

7.

11.     Defendant Glenn Andrews is, upon information and belief, an adult resident citizen of Memphis, Tennessee.  At all time pertinent hereto, Defendant Andrews was an employee and/or agent of City of Memphis Animal Services acting under the color of state law and within the course and scope of his employment as field supervisor, assigned to Greenwood's case on February 11, 2014 negligently failed to offer a reasonable and appropriate corrective action to offer a remedy to Greenwood and her family for their safety and lives by continuing to permit Bryan Sykes' German Sheppard dog to run at large on front and back lawn due to having been told by Sykes that he has an electronic invisible fencing, Andrews not requiring proof from  Defendant Sykes, while at all times instructing Greenwood to continue on with her regular daily outside activities and hobbies, enjoy her property, and take the unreasonable risks for her life and safety as well as her family's unreasonable risks to life and safety while negligently and while violating Greenwood's rights permitting Sykes continued use of this electronic invisible fence.

12.     Defendant Andrews stated to Greenwood until the Sykes' German Sheppard comes and attack Greenwood and her family, or bites and kills Greenwood and/or a member of her family, the method of an electronic invisible fence is lawful and acceptable.   Defendant Andrews has shown much disregard and negligence for the rights and safety of Greenwood and her family's safety.

13.     Defendant Andrews was assigned Greenwood's case after Greenwood's

8.

call to the Mayor Wharton's Unit and Janice Hooks' office on or about February 11, 2014. Defendant Andrews stated to Greenwood he was a new-hire in his position as Field Manager. Greenwood's first call to City of Memphis Animal Services was on or about August of 2013. Greenwood made two other separate calls, two calls before the second attack, and once again at some point in time after the second attack on her family. City of Memphis Animal Services came out to Bryan Sykes' home on January 24, 2014, after approximately twenty to thirty calls to "911" Memphis police placed by Greenwood, police officers made a formal complaint to City of Memphis Animal Services while observing Greenwood having a severe panic attack from fear of being in direct imminent danger. Memphis officers told Greenwood that Defendant Sykes was in violation of the dog leash laws and City ordinances in spite of invisible electronic fencing, they were requesting City of Memphis Animal Services have Defendant Sykes put up a fence and comply with the laws.

14.     Greenwood states City of Memphis Police officers dispatched and responded to Plaintiff Greenwood's "911" calls due to defendant Sykes placing Greenwood and her family life's in imminent danger and of previous attacks were diligent in their duty and efforts of restoring and providing safety to Greenwood and her family's unsafe situation at hand starting on or about September 20, 2013 while responding to approximately twenty to thirty calls from Greenwood, and yet after officers were finally successful in eye-witnessing Defendant Sykes

9.

walking his large off leash German Sheppard dog upon public sidewalks and public

streets, was instructed to purchase a leash for his dog, per statement of

responding officer on that date, and then within a two or three-week period after

constant calls, some time daily calls from Greenwood, officer responding to call

finally after much effort witnessed Defendant's Sykes' son with the off leash

unfenced German Sheppard dog in the front yard of the defendant's property and

was written a citation on or about October 18, 2013 to appear before the Court in

Environmental Court, with parents.

15.     Greenwood continues to be in fear for her life and her family's life and

of others at risks of being injured while being placed in a direct zone for imminent

danger by Sykes' at large dangerous German Sheppard dog of getting chased,

bitten, and/or killed due to continued negligence and disregard for human life,

Greenwood was yet hopeful, that this dangerous situation would surely stop

this madness and soon.

16.     On or about December 21, 2013 Greenwood once again was faced with

Sykes' large off leash German Sheppard dog, after being attacked by his dog in

September 2013 to no resolution as of date, is in very close proximity to

Greenwood.  Greenwood gets in her car and decides to take more pictures of

Sykes and his off leash and at large dangerous German Sheppard dog on Sykes'

front lawn.  Sykes' became irritated and told Greenwood she was going to get

what she was looking for because he wasn't leaving his house.  And suggested

10.

that Greenwood run, and call the police.  So, Greenwood, while in fear, agreed,

she will call the police as many times as it takes.  Greenwood told Sykes he too

will follow the laws of the land such as we all must abide by the same rules and

regulation and that all wrongdoers must suffer the same punish and/or rights of

the same crime, in spite of his having to somehow hoodwink the Environmental

Court, City police, and City Animal Services.   Needless to say, things are almost

starting to escalate because Greenwood takes Sykes' comment as a threat

implying using his dog as an attack dog.

17.     At this time Greenwood called Memphis police "911" approximately four

times continually due to being in continued fear and danger for my safety and my

life and told dispatcher and officers of this threat, officers responded shortly

thereafter.  When officers arrived Sykes told officers that he had recently installed

electronic invisible fencing around his yard.  One of the officers agreed with the

defendant that this is suitable restraint, the other officer said he didn't have that

device last week, and he wasn't sure of protocol.

18.     After this point in time, December of 2013, two or three police officers

responding after December 2013 often were at a loss of direction of procedures

and protocol on electronic invisible fencing.  It went downhill fast for Greenwood

and her family's safety, with very little hope of getting resolution of a wrongdoer

and his unleashed and unrestrained large and dangerous German Sheppard at

large on his front and back lawn, yet placing Greenwood and her family in an

11.

imminent zone of danger for infliction of more harm, injury, and death.
Greenwood fear became extreme and followed by frequently and severe panic
attacks which sends shocks to her nervous system, detriment to her overall
health, contributing to a shortened life-span and as the direct proximate
result of officers, lieutenants, directors, employees and/or agents of City of
Memphis lack of knowledge and training of electronic invisible fencing protocol
after Sykes dog has attacked Plaintiff and her family previously, again depriving
and violating Greenwood and her family's of their Constitutional rights.

19.     Greenwood, still demanding and fighting for her rights of equality and
safety for herself, her family, and others within this community.  Greenwood and
her family should not be required or be forced to fight for their guaranteed and
protected rights, when our United States Constitutional Rights have been well
established to prevent this type of misguided and negligent behavior and conduct
causing  deprivation of our rights, and must be our guide in respecting, loving, and
protecting humans, citizens, human beings, people rights.   Let us try getting back
to loving and protecting our neighbors, not giving dogs more rights than people;
people's protected rights, fair and equal rights for humans.

20.    Defendant Tony Armstrong is, upon information and belief, an adult resident
citizen of Memphis, Tennessee.  At all times pertinent hereto, Defendant
Armstrong was Director of City of Memphis Police Department acting under the
color of state law and within the course and scope of his employment with MPD.

12.

Plaintiff brings this action against Defendant Armstrong in his individual capacity and official capacity as a director and employee and/or agent of MPD.

21.     Defendant Armstrong negligently failed to property train, instruct, and/or supervise employees, sergeants, lieutenants, agents in order to ensure the safety of Greenwood, her children and granddaughters.  Defendant Armstrong has failed to offer reasonable and appropriate corrective action to remedy Plaintiff's complaint of being in imminent danger and in fear for her life and safety, and fear for family's life and safety, and direct proximate cause of two previous attacks by Defendant Sykes' large German Sheppard being permitted to run at large while in close proximity to Greenwood and her family, ongoing since April of 2013 up to December 21, 2013.

22.     Defendant Armstrong and Defendant Rogers (both) knew or should have known Defendant Sykes and his large German Sheppard dog, who has violated the City of Memphis Ordinances, State of Tennessee Dog leash laws, has trespassed and become a nuisance, caused injury and harm, has been cited by authorities, now has been given permanent permission (another **DOG** right) by this office and/or Defendant Armstrong, to allow this same large dangerous German Sheppard dog, and Sykes, negligent and non-dog law abiding citizen, to continue to permit his dog to run at-large while on Sykes' property, Sykes promoted to use a self-installed electric invisible fence and deprived of none of his constitutional rights, and also his German Sheppard has not been deprived of

13.

any of its civil, human, and constitutional rights.

23.     While on the other hand, Greenwood, her son and daughter, and granddaughters, are totally stripped of each and every constitutional right and human right citizens are entitled to and now being negligently and deliberately deprived of life, liberty, and property to privacy and quiet enjoyment for Greenwood, her children, (no grandchildren right) and her precious granddaughters to run, play, sing dance, be happy outdoors, and just enjoy every day, but that's one of the rights Greenwood and her family were stripped and deprived of and no longer have, without unreasonable risks of grave bodily harm.

24.     Greenwood and her granddaughter still have their right to stay secured inside, or come out at their own risks, unreasonable risks.  Greenwood and her entire family's rights are stripped away, (no protection rights against electric invisible fencing) creating deliberate indifference against Greenwood and her family in the City not providing equal and fair protection as they are clearly entitled according to their constitutional rights of all privileges and immunities, and with same respect, and in refusing to provide to Greenwood and her family safety as the intended purpose and duty of City of Memphis Animal and Police Department.  Defendant Armstrong and Defendant Rogers while holding such positions has negligently, intentionally, egregiously and continuously allowed, condoned, encouraged, and approved their employees and agents,  while in sound and highly culpable state of minds, to exhibit outrageous and total

14.

disregard for Greenwood and her family's safety and rights, thereby, intentionally discriminating against Greenwood and her family.

25.     Greenwood and her family, in spite of previous attacks and trespass, and after many, many, many, calls to Memphis police "911" should have signaled as a big red flag for City authorities.  Greenwood and her family are citizens and residents of Memphis, TN and entitled to each and every right guaranteed by  the United States Constitutional.  Greenwood and her family are not in violating of any kind, in any shape or form, of city ordinances or state laws, are in constant fear for their lives and safety. But somehow Greenwood and all family members were stripped and deprived and permanently lost *all* rights as of December 21, 2013 per permission, acceptance, and encouragement of City of Memphis to allow Defendant Sykes to install and use electric invisible fencing as primary and/or only fence.

26.     Defendant City of Memphis, its directors, its lieutenants, its officers, and its agents named in this complaint are liable and negligent and while in clear sound minds intentionally, egregiously, outrageously, continuously and deliberately created indifference when granting permission to Sykes and his dog, all rights, immunities, privileges, approvals, allowed and encouraged to use electric invisible fencing as alternative fencing on or about December 21, 2013 and requiring no proof other than a dog warning sign posted in the front yard and wire exposed in Sykes' back yard, and his self-serving statements made to employees of having

15.

installed electric invisible fencing.  Greenwood has never been presented with proof of anything, only repeated responses from employees of "we're not going back that far".  We have to start over since Sykes now has electric invisible fencing.

27.      Defendant Lieutenant Gwen is, upon information and belief, an adult resident and citizen of Memphis, Tennessee.  At all time pertinent hereto, Defendant Gwen was an employee and officer, a lieutenant with City of Memphis Police Department, acting under the color of state law and within the course and scope of her employment with the MPD.  Plaintiff brings this action against Defendant Lieutenant Gwen in her individual capacity and official capacity as a lieutenant officer for MPD.

28.      Defendant Lieutenant Gwen violated and deprived Greenwood of her constitutional rights by negligently failing to offer a corrective and reasonable remedy for the safety of Greenwood and her family,  negligently failing to properly advise and provide a safe and reasonable remedy to other officers of City of Memphis Police Department for the safety of Greenwood and her family, and *all* humans.

29.      Defendant Lieutenant Gwen personally came to Greenwood home on February 01, 2014 after one of Greenwood's many "911" calls to Memphis police about the neighbor's off leash and at large German Sheppard dog chasing her granddaughters on or about April and May of 2013 while trying to bite, and again

16.

chasing Greenwood, her son, and her mechanic while trying to bite in September of 2013.  Greenwood first call to City of Memphis Police "911" was in September of 2013 after being chased out her yard, and being in fear of her life and safety of being attacked by Defendant Sykes' large off leash and unfenced, unenclosed German Sheppard dog.  Greenwood question on this date was, " what has happened to reward and promote Sykes' to be suitable for invisible fencing after attacking the Greenwood family in May and September 2013, what law is this?

30.    Defendant Gwen stated that she did not know about the electronic invisible fencing law, but she would research and personally handle my complaint. Defendant Gwen told Greenwood when she arrived, do not call Memphis Police 911 anymore because an electronic invisible fence is now an acceptable device, even after being chased and almost bitten, Greenwood and family members should now feel safe and were not being chased since Sykes' story to other officers, and that Sykes' has placed the proper signs of the invisible wiring dog signs in his front yard.  Defendant Gwen stated to Greenwood, a large German Sheppard could easily and quickly get over Greenwood's fence, a large German Sheppard could very quickly launch onto Greenwood's property.

31.    Defendant Gwen advised Greenwood to go to Citizen's Dispute to try resolving her problem without calling City of Memphis Police and without suing Sykes, and that agency perhaps can assist with some type of agreement between Sykes and Greenwood.    Defendant Gwen stated, that is, if you're trying to get

17.

some resolution, because Sykes' and his large German Sheppard dog is permitted

by the City ordinance to use an invisible electronic fence go to Citizen's Dispute.

31.     Defendant Gwen stated to Greenwood that she was going to give

Defendant Sykes a copy of the ordinance, gave Greenwood a copy, and stated she

was going to  post the ordinance throughout the precinct, et cetera, so every

officer and switch board operator would know not to respond to Greenwood's

calls of being in fear and in imminent zone of danger for physical harm and death

by neighbor's German Sheppard at large.   Defendant Gwen stated until and

unless Sykes' large German Sheppard dog attacks again, we're not going back to

September of 2013 because the large dog is not chasing Greenwood or

Greenwood's children and/or Greenwood's grandchildren at this date in time,

now.  And that Greenwood need not call City of Memphis Police because there is

no real danger or risks while using an electronic invisible fence, and the

department will not go back that to September.  Defendant Gwen displayed

much deliberate indifference and extreme negligence and  total disregard for

the rights and safety of Greenwood and her family, all while violating Greenwood

and her family's U.S. Constitutional Rights.

32.     Greenwood's last call to Memphis police was February 1, 2014.

Greenwood's first call to "911" Memphis police was on or about September 20,

2013 due to neighbor's off leash and unfenced large German Sheppard dog

running at large, coming onto Greenwood's property a second time and chasing

18.

her mechanic and Greenwood all while trying to bite, attacking her son while in Greenwood's yard and driveway while Greenwood conducts business in September 2013.   Defendant Gwen stated they, City of Memphis police and City of Memphis Animal Services, policies and procedures is not to go back that far, that they were starting over now simply because Sykes' has a sign posted in his yard and that tells her that he has an electronic invisible fence.  Defendant Gwen asks for no proof from Sykes, stating that the "dog posting"  sign in Sykes' front yard is sufficient.   Greenwood asked, so you're telling Greenwood that either she, her granddaughters, or her children have to physically get bitten,.  And who knows whether this gadget, electronic invisible fencing, works and/or gets turned on daily.  Who is going to be here with Greenwood and her granddaughters to hold our hands while we unreasonably risks our lives and safety in testing the wiring system  each and every time Greenwood and her family exits or enters Greenwood's house, property, and car.  Defendant Gwen's response, well, you say the dog has not come over since the installation of the electronic invisible fencing.

33.     On April 8, 2014 Greenwood called Defendant Andrews for status update of his investigation.  Andrews states the investigation was at a stand-still and the last time he was out to the Sykes' house was on or about February 21, 2014 and he saw the large German Sheppard's paw prints, after it had rained, and the dog's paw prints never went onto Greenwood's property, and that is the proof he has

19.

that Greenwood and her family is safe and that this electric invisible fencing works.  Andrews, when asked how does anyone know if this invisible fencing works, or is plugged in, or has charged batteries, et cetera,  at all times. Defendant Andrews responded, he will only start at this point in time, not September, with the acceptance of any pictures Greenwood may have of Sykes' dog at large.   Andrews stated to Greenwood if she was in that much fear, Greenwood would have been calling before now, and he assumed everything was fine, and that was Andrews reasoning for not continuing his investigation into Greenwood's complaints.

34.     Greenwood e-mailed a picture taken on April 9, 2014 at 7:45 a.m. Andrews stated, he will see what he can do.  Andrews stated to Greenwood that he, City of Memphis Animal Services, was not going to violate Bryan Sykes' and his German Sheppard *dog rights* by making Sykes install an enclosed secured fence around his property and/or even require Sykes to use a leash while on his front lawn.  Defendant Andrew states to Greenwood he was also not going to euthanize Sykes' dog.   Andrews deliberate and negligent indifferences violated and deprived Greenwood and her family of constitutional protected rights.

35.     Defendant S. Jordan is, upon information and belief, an adult resident citizen of Memphis, Tennessee.  At all times pertinent hereto, Defendant Jordan was a City of Memphis Animal control officer and employee acting under the color of state law and within the course and scope of her employment with MAS.

20.

Plaintiff brings this action against Defendant Jordan in her individual capacity and in her official capacity as an animal control officer

36.     On April 11, 2014 Defendant Jordan, arrived at Sykes' home at approximately 6:00 p.m.   Greenwood entered outside, as Jordan starts to leave Sykes' address, to ask if she would get a report of her findings since Greenwood is the person constantly and repeatedly calling and complaining.  S. Jordan came over to Greenwood's back yard took a picture of the invisible fencing wiring laying on the top soil, exposed.  Defendant Jordan stated, when asked about it, she believes the wire can be either on top of soil/ground or below it, that she really don't  know.  She did not know what type dog, what size dog, or what the neighbor's name was.  Defendant Jordan, when asked, stated that she does not know what the Tennessee Leash Law says about allowing a dog to be off leashed and/or fenced on owner's front lawn.

37.     Defendant Jordan took a picture of the exposed wire and told Greenwood that neighbors have to be nice and get along with one another, while offering a copy of the ordinance, suggesting that Greenwood start with the line reading: other acceptable devices -  electronic invisible fencing.  Jordan also advised Greenwood and her family to go about their daily activities while outside in Greenwood's yard, and just believe the large German Sheppard dog is secured now.

38.     Defendant Jordan stated to Greenwood that Defendant Sykes had done

his homework, because an invisible electronic fence is acceptable in spite of two previous attacks on Greenwood and her family members, that she too can see dog signs posted in Sykes' front yard proving that Greenwood and her family are no longer in danger or at risks of being injured.   Defendant Jordan stated to Greenwood that we, MAS, does not go back that far, to September of 2013.

39.     Defendant S. Jordan walked over to Defendant Sykes yard to leave this card that has the alternative methods of restraint section of City of Memphis' Ordinance with regard to invisible electric fencing on Sykes' door.   Defendant S. Jordan has zero knowledge of laws, ordinances, and electric invisible fencing, and yet there trying to convince Greenwood of her personal beliefs without producing proof that Sykes and his dog is not in complete violation of the dog laws and city ordinance, and Greenwood and her family's constitution rights are not constantly, daily, being violated by the City's deliberate negligence indifference and total disregard for Greenwood and her family's safety of human life while violating and depriving Greenwood's and family of civil protected rights.

40.     Greenwood states that the Defendant City of Memphis, Defendants of City of Memphis Animal Services; Director James Rogers,  Andrews, Jordan, and Defendants of City of Memphis Police Department; Director Toney Armstrong, Lieutenant Gwen, committed the above described actions, inactions, and omissions described above under the color of state law and by virtue of their authority as law enforcement officers, employees, directors, of City of Memphis

Police and City of Memphis Animal Services, have substantially deprived the
plaintiff, Greenwood and family, of their clearly-established protected rights,
privileges, and immunities guaranteed to them by the United States Constitution.

41.     The City of Memphis actions and inactions in this cause of deliberate
and intentional negligence indifference caused by a total  lack of knowledge of
constitutional rights of humans, and practically zero knowledge of human rights
and citizen civil rights opposed to electronic invisible fencing *laws* and *dog rights*,
therefore, permitting and encouraging arbitrary actions and ongoing negligent
dangerous actions and negligent dangerous inactions by its employees has
substantially deprived Greenwood, Greenwood's family, and other
*humans/citizens* of this community of clearly established protected rights,
privileges, and immunities guaranteed by the United States Constitution
proximate cause and direct result of City of Memphis municipal policies and
procedures of "not going back that far," stated and told to Greenwood and Sykes
by the City of Memphis' Defendant Lieutenant Gwen, Defendant Andrews, and
Officer S. Jordan as being policy and procedures of the City of Memphis.

42.     The City has improperly trained and/or supervised its employees, thereby
allowing, permitting, encouraging, advising, enforcing, and approving such
extreme negligence, while causing unnecessary pain and suffering, severe
emotional distress, anger, fear, severe mental anguish to Greenwood and her
family.  And as the proximate cause and as a direct result of allowing Bryan Sykes

23.

to continue to violate the City of Memphis Ordinance, Tennessee Leash Laws, Nuisance Laws, violation of Greenwood and her family's human and civil rights, and all other rights, by not providing the same fair and equal protection against a dangerous large German Sheppard dog at large causing Greenwood to be in fear for her life, while in close proximity to Greenwood and family, and has twice attacked Greenwood and her family, and to date not providing any reasonable safe remedy of fair and equal safety of laws of land to Greenwood and her family, only a permanent remedy of unreasonable risks of continued injury, continued attacks, continued extreme fear for safety of life from injury and death, and negligent and deliberate interference with peace and safety of private life, personal liberty, and enjoyment of Greenwood's property.

43.    The City of Memphis' inappropriate corrective actions and/or inactions to remedy the dangerous ongoing imminent unreasonable risks to Greenwood and her family, and to *all* humans, posed by Sykes being permitted and encouraged to do so by City of Memphis Police Lieutenant Gwen; Glenn Andrews and S. Jordan, employees of City of Memphis Animal Services, in advising Greenwood on several occasions that the law is clear that Sykes' is not required to leash and/or fence his large German Sheppard dog while at large in his front yard, and is not required by law to have his large German Sheppard dog, that has twice attacked and chased while trying  to bite Greenwood and her family, not required to be enclosed by fence and properly secured in back yard on a daily basis, while using only

24.

electronic invisible fencing continues to violate and deprive Greenwood and her family of protected rights guaranteed by the United States Constitution.

44.    Greenwood demand safety for herself and her family, not as charity, pity or special interest, but to their absolute constitutional right, to ensure everyone plays fair and each person is treated with equal respect and dignity, and ensuring equality and safety in accordance to their unalienable rights to the laws of the land, simply because *we are all* human.

45.    Greenwood states the direct proximate cause of the repeated outrageous extreme and intentional negligent acts and omissions by the City of Memphis and its employees to appropriately take corrective action to a safe remedy to this unreasonable risky, dangerous, and deadly interference, violated and deprived Greenwood and her family of equal protection of laws and rights while being placed in an imminent zone of danger for harm, injury, and death.  And as a direct result Greenwood and her family have suffered severe emotional distress, emotional distress, unreasonable risks of danger, mental anguish, extreme fear daily, reoccurring nightmares, shortness of breathing, constant and severe panic attacks, severe anxiety attacks, anger, disbelief, uncontrollable weight loss, disappointment, embarrassment, worry, incurred medical expenses, loss opportunity for employment, loss enjoyment of life, loss enjoyment and use of property.

46.    The City of Memphis and its employees are liable and negligent of

25.

violations and deprivations of Greenwood and her family's Constitutional rights, state laws and city ordinances, which were put in place to protect *all* humans from imminent harm of danger of being attacked while living in close proximity and in fear for their safety causing Greenwood and her family to permanently adopt the position of "fight or flight" when exiting or entering Greenwood's house, yard, and car.

47.     Defendant City of Memphis, City of Memphis employees of City of Memphis Police Department and City of Memphis Animal Services employees should and must be held at the highest standard and strict scrutiny of such deliberate and negligent cause of indifference, continuing to date of this filing, violating and depriving Greenwood and her family of their protected rights warranting an award of punitive damages due to the City's continued outrageous and egregious conduct in showing total disregard for human life for Greenwood and her family, and all humans within this civilized community that such negligence cannot be tolerated, creating and permitting both a private and public nuisance, and while in sound minds telling Greenwood and her family to take unreasonable dangerous and deadly risks while encouraging and/or continuing to permit her granddaughters to play outside in Greenwood's yard, and that Greenwood should also continue to enjoy her property and place her life at unreasonable risks of being inflicted with additional injury, bodily harm, and death,  yet recommending Greenwood to go about in her yard as if Greenwood

and her family has never been attacked by Defendant Sykes' large German
Sheppard off leash unfenced and unrestrained dog while assuming Greenwood
and her family are illiterate with no comprehension skills and unable to
understand their Constitutional rights and privileges, and demand respect and
protection  of laws of her inherited rights, and that they are obeyed by every
human citizen, not profiled, as to Plaintiff's knowledge or lack of knowledge of her
human, civil,  and constitutional rights and/or willingness to stand and exercise
their rights, this type discrimination has long since not been tolerated in this
country.

48.   Greenwood's neighbors, Bryan Sykes and son, were issued a citation by City
of Memphis Police "911"  on or about October 18, 2013 after one of many of
Greenwood's calls and summons to appear in Environmental Court for violating
the City of Memphis ordinance.  Greenwood asked the responding officer for
information so she may attend the hearing.  Greenwood mentioned the fact that
she was not afforded the opportunity to be heard in Environment Court to
 Defendant Andrews on or about February 2014 and April 2014, and he stated,
you should have been.   But in the meantime, Defendant Sykes and his human dog
has been granted all rights to continue these acts of negligence while enjoying the
outdoors and his property while Greenwood and her human family are
permanently deprived and stripped of all rights, discriminated against.

49.   Now it's very obvious and clear to Greenwood that the Court only heard

27.

testimony from the defendants, Bryan Sykes and his son, and the reason Bryan

Sykes, is now permitted to violate Greenwood and her family's rights of placing

her life in danger and causing fear and danger for her safety every day, while

defendant Sykes gets granted rights and privileges to enjoy his yard with his

German Sheppard dog to run and play, while continuing to hide behind this

invisible fence concept while being allowed to continue violate Greenwood and

her family's United States Constitutional rights.

50.     Greenwood having been deprived of her constitutional due process right

following the issuance of the citation in October of 2013 issued to Defendant

Sykes and his son to appear before the Environmental Court for this matter to be

heard before the presiding Judge in Division XIIII.

51.     No one spoke on behalf of Greenwood and her family's fear for life and

safety while placed in an ongoing, daily, permanent, imminent zone of danger of

being physically harmed, injured, and killed.   The Defendant City of Memphis'

unreasonable deliberate and intentional outrageous negligent actions and

inactions are the proximate cause and direct result of Greenwood and her

family's injuries, losses, pain and suffering caused by City of Memphis and its

employees negligent and intentional deprivation of Greenwood's substantive and

procedural due process rights, and all other rights, laws, and ordinances deprived

applicable to Greenwood's case.

52.     Greenwood seeks relief of Intentional Negligent Infliction of Emotional

Distress, Negligent Infliction of Emotional Distress, Negligence, pain and suffering, violation of Constitutional, civil and human rights of Greenwood and her family members, violations under the due process clause, discrimination clause, equal protection clause, and breach of duty violations.   The actions and inactions performed by City of Memphis and its employees and/or defendants, in this Complaint intentionally approved and condoned repeatedly and on an ongoing daily basis, exhibiting utterly total disregard for human life not acceptable in a a civilized community resulting from abuse of authority, to date of filing, thereby entitling Greenwood and family to award of punitive damages.

**WHEREFORE**, Greenwood, Plaintiff, Pro se, demand a judgment of the defendants, City of Memphis, City of Memphis Police Department employees and City of Memphis Animal Services employees, jointly and severely, in the amount of Eight million five-hundred thousand dollars ($8,500,000.00).  Greenwood demand a judgment of the defendants, City of Memphis, City of Memphis Police Department employees and City of Memphis Animal Services employees, jointly and severely, a judgment of maximum punitive damage allowed by the rules governing such awards.   Greenwood seeks relief for such special and other general relief to which Greenwood may be entitled.  Greenwood demand bench trial.

29.

Respectfully submitted,

Christine Greenwood
Plaintiff, Pro se
3869 Christine Gardens West
Memphis, TN 38118
(901) 415-8532

## CERTIFICATE OF SERVICE

I, Christine Greenwood, Plaintiff, pro se, certify that a foregoing copy of Complaint has been served upon Defendant City of Memphis, Defendant Director James Rogers, Defendant Director Toney Armstrong through the Attorney General's Office, Attorney Henry Morris, Jr., located at 125 North Main Street, Suite 336, Memphis, TN 38103.

I, Christine Greenwood, Plaintiff, pro se, certify that a foregoing copy of said Complaint has been served upon Defendant Glenn Andrews, Defendant S. Jordan, through the office of City of Memphis Animal Services located at 2350 Appling City Cove, Memphis, TN 38133.

I, Christine Greenwood, Plaintiff, pro se, certify that a foregoing copy of said Complaint has been served upon Defendant Lieutenant Martha Gwen through the office of City of Memphis Police, Ridgeway Station located at 3840 Ridgeway Road Memphis, TN 38115.

Service is made upon Defendants on this 14th day of May 2014 via Shelby County Process Service.

Christine Greenwood

30.