# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| CHRISTINE GREENWOOD, | ) |
| Plaintiff, | ) |
| v. | ) No. 14-cv-2442-JDT-tmp |
| CITY OF MEMPHIS, et al., | ) |
| Defendants. | ) |

_____

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT
## AND
## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff Christine Greenwood filed a complaint in state court against defendants the City of Memphis ("the City"), Toney Armstrong in his individual and official capacities, Martha Gwen in her individual and official capacities, James Rogers in his official capacity, Glenn Andrews in his official capacity, and Susan Jordan in her official capacity on May 14, 2014. On June 12, 2014, the City filed a notice of removal, removing the case to this court. (ECF No. 1.) Several defendants have since filed motions to dismiss: defendant Armstrong on July 2, 2014 (ECF No. 13); defendant Rogers on July 14, 2014 (ECF No. 17); and defendant Andrews on July 30, 2014 (ECF No. 23). On July 3, 2014, the City (on behalf of itself and its employees in their

official capacities) filed a motion for a more definite statement. (ECF No. 14.) Greenwood filed a response in opposition to Armstrong's motion and the City's motion on July 30. (ECF No. 24.) Armstrong filed a reply on August 11. (ECF No. 27.) Greenwood filed a response in opposition to Andrews's motion on August 25, 2014. (ECF No. 35.) Additionally, on August 14, 2014, Greenwood filed a motion for leave to file an amended complaint. (ECF No. 28.)

The parties appeared for a scheduling conference on August 21, 2014. All defendants except Martha Gwen and Susan Jordan stated they did not oppose Greenwood's motion to file an amended complaint. On August 27, Gwen and Jordan filed a notice stating that they also do not oppose Greenwood's motion to file an amended complaint. (ECF No. 34.) At the scheduling conference, the court informed the defendants that if the plaintiff's motion to file an amended complaint were to be granted, the court would deny as moot the defendants' pending motions. The defendants stated that they did not object to their motions being denied as moot, so long as they were permitted to file motions to dismiss the amended complaint.

Federal Rule of Civil Procedure 15(a) states that after a responsive pleading is filed, a complaint may be amended by leave of court and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>Trustees of Mich.</u>

Reg'l Council of Carpenters Emp. Benefits Fund v. Exhibit Works, Inc., 868 F. Supp. 2d 592, 601 (E.D. Mich. 2002). Based on the standards of Rule 15(a), and because no defendant opposes Greenwood's motion for leave to file an amended complaint, it is hereby ORDERED that Greenwood's motion be granted. Greenwood shall file her amended complaint, which is attached as an exhibit to her motion, within seven (7) days from the date of this order.

As the amended complaint will supersede the original complaint, it is recommended that defendants' pending motions based on the original complaint be denied as moot and without prejudice. See Sanders v. Williams Equip. & Supply Co., Inc., No. 09-2281-STA-cgc, 2010 WL 711130, at *2 (W.D. Tenn. Feb. 24, 2010) (citing B&H Med., L.L.C. v. ABP Admin., Inc., 526 F.3d 257, 267 n.8 (6th Cir. 2008) (stating that a prior "complaint is a nullity, because an amended complaint supercedes all prior complaints"); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000) (stating that "when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward") (citations omitted); Klyce v. Ramirez, No. 87-5176, 1988 WL 74155, at *3 (6th Cir. July 19, 1988) (stating that "an amended pleading supersedes the original, the latter being treated as

nonexistent") (citations omitted)).  Defendants may renew their motions after plaintiff files her amended complaint.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 27, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**